## In re HAMILTON GAS CO. *

## HARPER et al. v. HAMILTON GAS CO.
## (MANUFACTURERS TRUST CO., Intervener).
### No. 475.

Circuit Court of Appeals, Second Circuit.
July 22, 1935.

* Writ of certiorari denied 56 S. Ct. 307, 80 L. Ed. ——.

Cook, Nathan, Lehman & Greenman, of New York City (Emil Goldmark and Daniel M. Sandomire, both of New York City, of counsel), for appellants.

Smyth & Tuttle, of New York City, for appellee Hamilton Gas Co.

Newman & Bisco, of New York City (Hastings S. Morse, of New York City, of counsel), for intervener Manufacturers Trust Co.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The petition to dismiss, on which the order appealed from was entered, was based on the ground that the court below had no jurisdiction.

The debtor is a Delaware corporation organized in 1927, whose property is located principally in West Virginia and Kentucky. Its business together with that of two wholly owned subsidiaries, Larner Gas Company and Thompson Gas Company, is the production, distribution, and sale of natural gas in the states where its principal properties are located. Until January, 1932, it maintained offices in Charleston, W. Va., from which its business was largely conducted, and also offices in New York City, where its president and higher executives maintained general supervision having to do especially with the financing and where some of its records were kept. It was never licensed to do business in New York.

In January, 1932, equity receivers were appointed for the corporation by the federal courts in Delaware, West Virginia, Kentucky, and New York. There was no property in Delaware and none but office furniture and records in New York. The actual business has since been conducted, in accordance with orders of the West Virginia and Kentucky receivership courts, by the West Virginia receivers from the offices in Charleston in that state. Though the president of the corporation has occupied the New York offices, he has been prohibited by order of court from taking any part in the conduct of the business. The New York proceedings in receivership have remained dormant.

The indebtedness of the corporation consists of first mortgage bonds of the face value of $2,325,500, debenture bonds of the face value of $765,000, and claims of general creditors totaling about $278,500. It

has outstanding 925,079 shares of common stock of the par value of $1 and 1,684 shares of preferred stock of the par value of $100. A committee for each class of bonds was formed soon after the receivership in 1932. These committees were active, and shortly before the amendments to the Bankruptcy Act including section 77B (11 USCA § 207) became effective in June, 1934, had agreed upon a plan of reorganization. They brought about the filing of a creditor's petition for reorganization under section 77B in the District Court for the Southern District of West Virginia on June 7, 1934. Their plan of reorganization, somewhat modified, is before that court in that proceeding.

One day later the debtor filed its petition for reorganization under section 77B (11 USCA § 207) in the District Court for the Southern District of New York. An order of approval was entered by that court ex parte on June 9th, without knowledge of the West Virginia section 77B petition, providing for the "continuance" of debtor's officers in the possession of its property. After the petition to dismiss the New York section 77B proceeding was filed, the original order was modified to restrain the debtor temporarily " * * * from interfering in any way with the possession and operation of its properties by the Receivers thereof heretofore appointed by, or of any other person or persons who may be hereafter appointed by, the United States Courts for the Southern District of West Virginia and the Eastern District of Kentucky to take possession of and to operate the properties of the Debtor. * * *"

Thereafter the petition to dismiss the New York proceedings, or in the alternative to transfer them to the Southern District of West Virginia on the ground that that was the territorial jurisdiction where the interests of all the parties would be best subserved, was denied, and this appeal followed.

It is interesting to notice at this point that the question of jurisdiction of the District Court for the Southern District of West Virginia over the section 77B petition filed therein was before the Circuit Court of Appeals for the Fourth Circuit in Hamilton Gas Co. v. Watters, 75 F.(2d) 176. The cause was remanded to the District Court for a determination upon evidence of the fact as to whether or not the debtor's principal place of business had been in that district during the six months

preceding the filing of the section 77B petition there. The District Court found that it had been. Watters v. Hamilton Gas Co., 10 F. Supp. 323.

It is undisputed in this record that the New York equity receivers did no business in New York. The debtor's officers were restrained by an order of court from doing any of its business there or elsewhere. Its principal assets were not in New York; neither was it a New York corporation. No jurisdictional basis for this petition for reorganization exists unless its principal place of business was in New York for the greater part of the six months preceding its filing. This record not only fails to show that, but does effectively negative such a pretension by making it appear that during the crucial time the West Virginia receivers conducted the business in a way that made Charleston, W. Va., the principal place of business of the debtor if their activities were as a matter of law for present purposes the debtor's business. That they were follows from the decisions in Royal Ind. Co. v. Amer. Bond Co., 289 U. S. 165, 53 S. Ct. 551, 77 L. Ed. 1100; Michigan v. Michigan Trust Co., 286 U. S. 334, 52 S. Ct. 512, 76 L. Ed. 1136; but note United States v. Whitridge, 231 U. S. 144, 34 S. Ct. 24, 58 L. Ed. 159.

Order reversed, and petition dismissed.