**HAMILTON GAS CO. v. WATTERS et al.**
(two cases).
Nos. 3885, 3908.

Circuit Court of Appeals, Fourth Circuit.
Oct. 8, 1935.

Nathan A. Smyth, of New York City (Frank Lively, of Charleston, W. Va., on the brief), for appellant.

Stanley C. Morris, of Charleston, W. Va., and T. R. White, of Philadelphia, Pa. (Philip P. Steptoe and W. Ervin Miller, all of Charleston, W. Va., White, Maris & Clapp, of Philadelphia, Pa., and Steptoe & Johnson, of Charleston, W. Va., on the brief), for appellees.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

SOPER, Circuit Judge.

Upon the former appeal in this case, reported as Hamilton Gas Co. v. Watters (C. C. A.) 75 F.(2d) 176, it was decided that in the proceedings for the reorganization of Hamilton Gas Company, a Delaware corporation, under section 77B of the National Bankruptcy Act (11 USCA § 207), a petition of the corporation filed in the District Court for the Southern District of New York on June 8, 1934, followed by a decree on June 9, 1934, approving the petition and taking exclusive jurisdiction of the debtor and its property, gave that court the prior right to proceed with the corporate reorganization, notwithstanding the fact that an earlier petition for the same purpose had been filed by creditors on June 7, 1934, in the District Court for the Southern District of West Virginia. Jurisdiction of the New York court was based on the allegation that the corporation, during the preceding six months, had had its principal place of business in New York; while the jurisdiction of the West Virginia court was based on the allegation, not denied in the corporation's answer, that during that period, the corporation had had its principal assets in West Virginia. An additional allegation in the West Virginia case, that the principal place of business had been in West Virginia, was denied, and the case being submitted without evidence on petition and answer, a decree was passed on June 21, 1934, wherein the court assumed exclusive jurisdiction of the debtor and its property as of the date of the inception of the proceedings therein. Thus the conflict of jurisdiction between the two courts was sharply drawn, each finding support in the jurisdictional provisions of the statute. We held that it was the intention of Congress to give preference, under such circumstances, to the jurisdiction selected by the corporation debtor rather than that chosen by the petitioning creditors; and that it is the priority of the adjudication and not priority in the filing of the petition which determines the right of a court to retain jurisdiction as against another court in which a petition has also been filed. See, also, in this connection, In re Fox Metropolitan Playhouses (C. C. A.) 74 F. (2d) 722, 724. Consequently, we reversed the decree of the West Virginia court.

There was no decision in the District Court or in this court in that case upon the disputed question as to the location of the principal place of business during the preceding six months; and there had been no trial of this issue in the ex parte proceeding in the Southern District of New York; but it was brought to our attention, by statements in the record before us, that the Debentureholders Protective Committee, a petitioning creditor in the West Virginia case, had petitioned the New York court to dismiss the debtors' petition therein filed, or, in the alternative, to transfer the proceedings to the Southern District of West Virginia, contending that for all practical purposes, the business of the company had been conducted in West Virginia since the early part of 1932. With these allegations in mind, we remanded the case to the District Court with instructions to retain jurisdiction if it should be found that the principal place of business had not been in the Southern District of New York; otherwise to vacate its order approving the creditors' petition, and to transfer the proceedings to the Southern District of New York, unless, in the meantime, the court in that district should determine that the interests of all parties would be best served by transferring the proceedings to the court below.

When the Debentureholders Protective Committee questioned the jurisdiction of the District Court of the Southern District of New York, by petition filed therein, an answer was filed by the debtor, and that court on June 26, 1934, referred the matter to a special master, in the meantime restraining the debtor from interfering with the possession and operation of its properties by the receivers thereof theretofore appointed, or of any other person who might thereafter be appointed, by the United States Courts for the Southern District of West Virginia and the Eastern District of Kentucky, to take possession of and operate its properties. The controversy was still pending before the special master when our opinion was handed down on January 9, 1935. Thereafter, at the request of New York counsel for the debtor, the matter was pushed to a speedy conclusion in New York, with the result that on February 16, 1935, the report of the special master having been filed in the meantime, the District Court made the finding that the corporation had had its principal place of business in New York during the six months' period, and issued a decree dismissing the petition of the Debentureholders Protective Committee. From this decree an appeal was taken to the Circuit Court of Appeals of the Second Circuit, and was pending there-

440

in when we heard argument in this case on June 25, 1935. Subsequently that court, In the Matter of Hamilton Gas Company (Clarence L. Harper et al. v. Hamilton Gas Company et al.) 79 F.(2d) 97, found that during the crucial six months, the principal place of business of the debtor had been in Charleston, W. Va., and therefore directed that the debtor's petition for reorganization filed in the District Court for the Southern District of New York be dismissed.

The District Court for the Southern District of West Virginia had already made the same finding of fact in a carefully considered opinion in Watters v. Hamilton Gas Company, 10 F. Supp. 323, and had entered a decree wherein the creditors' petition, filed therein on June 7, 1935, was again approved, and the prior orders of the court were ratified and confirmed. It was from this decree that the instant appeal was taken, and it necessarily follows from the course of events which we have outlined that the decree should be affirmed. It is true that this action of the court was taken on April 10, 1935, after the trial of the same issue and the contrary decision in the District Court for the Southern District of New York and before the reversal thereof on appeal; and it may be conceded for our present purposes, as the appellant contends, that the decree below was erroneous when rendered, because at that time the location of the debtor's principal place of business in New York during the six months' period was res adjudicata by the decree of the New York court, even though an appeal therefrom was pending. "The principles of res judicata apply to questions of jurisdiction as well as to other issues." American Surety Co. v. Baldwin, 287 U. S. 156, 166, 53 S. Ct. 98, 101, 77 L. Ed. 231, 86 A. L. R. 298; Catholic Society v. Madison Co. (C. C. A.) 74 F.(2d) 848; Windholz v. Everett (C. C. A.) 74 F.(2d) 834.

Nevertheless, the decree below should be affirmed, for the adjudication in New York, upon which the appellant relies, has been reversed. We take judicial notice of the latter decision, and follow the procedure adopted in E. I. DuPont de Nemours Co. v. Richmond Guano Co. (C. C. A.) 297 F. 580, wherein we were confronted by the converse of the present situation. In that case, pending the review on writ of error of a judgment correctly based on a plea of res adjudicata, the judgment pleaded was reversed, and we accordingly reversed the court below because its action, although

correct when taken, had become wrong through the subsequent event. In like manner, the recent decision of the Circuit Court of Appeals of the Second Circuit is conclusive of the present controversy and is binding on the debtor corporation. We may add, after an examination of the record before us, that we are in complete accord with the conclusion therein announced upon the disputed issue of fact.

The appeal to superintend and revise in No. 3885 will be dismissed, while in No. 3908, the decree of the District Court will be affirmed. Subdivision (k) of section 77B (11 USCA § 207 (k) provides that an order approving a petition or answer in reorganization proceedings shall have the same consequence and effect as an order of adjudication in bankruptcy; and section 25 of the National Bankruptcy Act (11 USCA § 48) gives an appeal, as a matter of right, from a judgment adjudicating or refusing to adjudicate a defendant a bankrupt.

Case No. 3885 dismissed.

Case No. 3908 affirmed.