**In re 211 EAST DELAWARE PLACE BLDG. CORPORATION.**

No. 59144.

District Court, N. D. Illinois.

Feb. 4, 1936.

See, also, (D.C.) 7 F.Supp. 892.

Courshon, Carson & Freeman, of Chicago, Ill., and Taylor, Chasnoff & Willson, of St. Louis, Mo., for bondholders' committee.

Johnson, Swanstrom, Wiles & Clawson, of Chicago, Ill., for trustee.

Joseph Fisher and Deneen, Healy & Lee, all of Chicago, Ill., for debtor and its stockholders.

Thomas Sullivan, of Chicago, Ill., for petitioning creditors.

Pritzker & Pritzker, of Chicago, Ill., for bondholders' committee and Chicago Title & Trust Co., trustee.

Topliff & Horween, Edward Berkson, and Adams, Emerson & Branand, all of Chicago, Ill., for creditors.

EVANS, Circuit Judge.

In determining the amounts which the court should allow the attorneys and bondholders' protective committee and others, it is necessary to announce a few principles which will be my guide.

First. It is necessary for the court to determine the total amount which may be allowed before taking up individual items. If this be not done, there is a probability or at least a possibility of the sum total of individual claims exceeding the gross estate. To illustrate, under the statute " * * * the judge * * * (9) *may* allow a reasonable compensation for the services rendered and reimbursement for the actual and necessary expenses incurred in connection with the proceeding and the plan by officers, parties in interest, depositaries, reorganization managers and committees or other representatives of creditors or stockholders, and the attorneys or agents of any of the foregoing and of the debtor, but appeals from orders fixing such allowances may be taken to the Circuit Court of Appeals independently of other appeals in the proceeding and shall be heard summarily; * * . * " Bankr.Act § 77B (c) (9), 11 U.S.C.A. § 207 (c) (9).

This entire section is unfortunate in its wording and is the origin and support of many duplicated and excessive charges. Its amendment or repeal would be advisable.

There is no limit to the number of groups of bondholders or individual creditors who may appear and "render helpful assistance," and if the number of hours devoted to such assistance by counsel for such groups be the sole basis of determining compensation, the total allowance may and doubtless will exceed any sum which the court can recognize as reasonable.

■ Second. There must be a point where services actually rendered, and measured by hours, cannot be charged to the estate but must be paid by the client. To illustrate: The property in custodia legis belongs to creditors and stockholders. Among the former are the first, second, and third mortgage bondholders, unsecured creditors, judgment creditors, and other lien holders. The stock may be either common or preferred, with the latter entitled to preference as to dividends and assets. The plan of reorganization from the debtor's standpoint may be simple. In fact, it would be a matter of but a few days' work at most to present a feasible, intelligent, workable plan under section 77B of the Bankruptcy Act, as amended (11 U.S.C.A. § 207), but for the contest between those representing stockholders and those representing bondholders or for a controversy between bondholders and unsecured creditors, etc. In all cases where the decline in value has been sharp and the flotation of bonds excessive in the first instance and the equity of the stockholders, as a result, has disappeared, the basis of the appeal is predicated, as stated by counsel in one case, on the hope that the secured creditors "will have a heart." At the same time these creditors expressed the hope that the stockholders will display "less nerve." The courts have heard the claims of the two sides so many times that they could prompt counsel if either temporarily forgot his story.

As the property belongs to the litigants, these parties must be given a reasonable time within which to attempt to arrange the ratio of securities in the new company among the secured, the unsecured creditors, and the stockholders. The precise question is: When should the court terminate the compensation from the estate for the time that counsel thus spends in disputations or in conferences, as they term them, over such ratio. To call such meetings "conferences over a plan of reorganization" is a misnomer. The services rendered are strictly and solely for clients. The interests of said clients are adverse. It may be between two classes of creditors or between stockholders and creditors. The estate is not benefited one cent by such disputes. The fund is not increased a mill by such conferences. In the case before me, there was in existence the building which was rented when the foreclosure proceedings were started and a receiver appointed in the state court five years ago. The income has been used in controversies and disputes, but not one cent has been contributed to the estate, not one cent has reached the pocket of a bondholder.

And worse still, if compensation be allowed for all services thus rendered in disputes between different classes of creditors, there is encouragement extended to counsel to prolong negotiations and encouragement to representatives of certain interests to create a nuisance value which it is the avowed purpose of section 77B to prevent. Such results can only be prevented by the court's refusing compensation to those thus engaged and by rejecting as a charge against the estate, the fees of counsel who are representing claims and in no way improving the conditions or the assets of the estate or offering a constructive suggestion to the plan of reorganization. In fact, too often, about 90% of the time for which counsel make charges against the estate is directed to the allocation of securities among various creditors and bondholders rather than to the details of the plan.

■■ Third. Finally there must be a determination of the relative contribution of counsel other than on a basis of hours of service rendered. Much of the court's difficulty would be avoided if it knew who "did the work." Trying as that task is and impossible as it may be to always answer the question correctly, the responsibility must be met if a fair division of fees is to be made and the estate relieved of charges for many duplications of services. The court cannot, under the existing statute, limit the number of counsel, nor can it designate the one or ones to do the particular work of reorganization. The interested parties are given the greatest freedom of action by the Act. The only check or control which the court can exercise is over the amount of fees and through their allocation.

■ Fourth. There is another proposition which I think is at least practical and capable of successful application. It is that

the court may refuse counsel any compensation if the bill presented by him is out of all reason and out of all relation to the assistance by him rendered. The old maxim which permits relief to him only, who comes into a court of equity with clean hands may be invoked and it is worthy of note that there is a vital distinction between *clean* hands and *open* hands. Such a ruling is justified not only to protect the estate and the creditors interested therein, but it affords one way, and the only practical way, of protecting counsel who worked out a real plan suitable to the needs and possibilities of the embarrassed debtor. To do complete justice it is as essential that the counsel who rendered real service be compensated as it is to refuse compensation to those who contributed nothing but hours of sitting while plans were being discussed and formulated. The court must see that complete justice is done. It is not done unless counsel who render valuable service be compensated. Nor is it done unless the "sitters" are unpaid.

■ Fifth. Compensation based upon hours of service has proved unsatisfactory even where the statement of the number of the hours devoted to the work is acceptably set forth. It is impossible to make any intelligent deductions therefrom unless the court knows the individual and his position in the law firm. *To be helpful, the hours of service statement should contain the name of the individual rendering each service and his position in the firm should be set forth. If he be a clerk or other employee, his years of experience and his salary may well be required before the court can determine the amount of his compensation.* I am satisfied that the hour basis for determining compensation has not been satisfactory in these 77B cases. Too often it ignores the success of the efforts, a practical, and I think one of the best, standards for determining compensation. Moreover, it ignores the value of the services of the employee who puts in the hours as well as the character of the services covered by the hours.

Applying the foregoing observations to the facts in the case before me, I have concluded that $20,000 is the total that I can allow for settling this estate and effectuating a plan of reorganization. As the total of all such claims presented is $54,000, it is obvious that there must be much squeezing to make $20,000 go around. There were apparently five groups to be

reconciled in the instant case, and although not one cent of the revenues derived from the receiver's operation of over four years ever reached a bondholder or other creditor, it should be said that since the present trustee took charge of this property, about eight or nine months ago, all parties have labored with commendable unison to reconcile the conflicting and clashing interests which they represent. Moreover, the property has been handled since last June at a profit of nearly $3,000 per month; delinquent taxes have been paid; the neglected building equipment has been bettered; the revenues have increased. The net results have been most satisfactory. Much of the hard feeling that existed in the early stages of the bankruptcy proceeding between general creditors and bondholders was a holdover from the contests which arose in the foreclosure proceedings.

I have experienced some difficulty in fixing the total amount as high as $20,000, notwithstanding no counsel has argued for a sum as low as $20,000. I justify the allowance by the success of the reorganization and the short time taken to accomplish the entire work,—about eight months.

■ It would serve no good purpose to give detailed statements of the reasons for the following conclusions other than to say that I have applied the foregoing five rules. In other words, I find many charges have been made against the estate which counsel must present to clients if they are to be collected. A considerable part of the services of some counsel was rendered in the state court in the foreclosure matter in an effort to effect a reorganization and cannot be fully allowed here. Finally there is much disallowance because of duplication of charges for the same work.

I have tried to determine where credit belonged and give to counsel credit therefor, rather than to spread the amount and pay on the basis of hours of service, which, if followed, would be at the expense of counsel who did the work. Likewise, and by no means the least important, I have been compelled to accept the solemn, dismal, naked truth that I haven't the money with which to pay the claims which have been presented. It is not for the courts to be liberal with bondholders' or other creditors' money. The doctrine of relativity applies quite universally. It must be applied by the court in measuring the rights of creditors on the one side and the at-

torneys who ask for compensation for services on the other.

It is to be regretted that so many of the bondholders have grown weary of waiting for some return on their investment and have sold their bonds for about ten cents on the dollar. The delay, however, was not after the trustee took possession of the property, for that was only eight months ago. It was occasioned by the hopeless four years during which the trustee named in the mortgage failed to secure a decree of sale under the mortgage. The receiver, instead of operating the property, leased it upon terms which were most unsatisfactory.

Instead of giving specific reasons for disallowances, etc., I have decided to state the amount I have allowed each claimant. In doing so I am expressing the amount in terms of percentages of the total amount of $20,000. I find that the claimants shall receive the following percentages of $20,-000, and that considering all the facts and circumstances in this case each is a fair and reasonable allowance. If no allowance is made to a claimant, it is because I find such claimant's services should not be charged against the estate, but against the client whom he represents.

To be explicit, I find all claims and all parts of claims not hereby allowed should be and are hereby disallowed.

| Name of Claimant | Percentage of $20,000 |
|---|---|
| Pritzker & Pritzker | 5 |
| Chicago Title & Trust Co. | 1½ |
| Fisher & Fisher | 12 |
| Taylor, Chasnoff & Willson | 6½ |
| Thomas Sullivan | 2 |
| Johnson, Swanstrom, Wiles & Clawson | 13 |
| H. H. Whittemore | 6 |
| Deneen, Healy & Lee | 7½ |
| Edward Berkson | 1 |
| Courshon, Carson & Freeman | 22 |
| Adams, Emerson & Branand | 1 |
| Bondholders' Protective Committee | 20 |
| Topliff & Horween | 2½ |

Out of the proceeds derived from the flotation of the $40,000 mortgage, there will be paid the commission for securing such loan; to the Chicago Title and Trust Company, the sums heretofore fixed for its title fees; to the master in chancery, Jacob I. Grossman, $500 in full for his fees. There shall also be paid the amount due for 1934 taxes; also $170.30 to Courshon, Carson & Freeman, $149.31 to Mr. H. H. Whittemore, $38.62 to Thomas Sullivan, and $91.45 to Pritzker & Pritzker, all for expenses. There will also be paid to the bondholders' committee an allowance of $1,500 for expenses.

The balance of the fund will be devoted to rehabilitation and additions to inventory of the building as recommended by the trustee in his statement of November 15, 1935, the items included under the heading "Rehabilitation considered necessary to the proper operation of the building" being first undertaken.

The court orders that the aforesaid sums be paid to the parties, as named.