**In re BARR HOTEL CO.**

No. 12210.

District Court, N. D. Ohio, W. D.

June 7, 1938.

August M. Streicher, George C. Bryce, and Herbert F. Jenne, all of Toledo, Ohio, for debtor and trustee.

Theodore H. Tangeman, of Columbus, Ohio, and John Taber, of Auburn, N. Y., for bondholders.

KLOEB, District Judge.

This matter comes before the Court on exceptions of Attorneys August M. Streicher, George C. Bryce and Herbert F. Jenne to the recommendation of the Special Master for the allowance of the sum of $1,000 as and for Attorneys' fees to the exceptors, who served as Attorneys for the Trustee of The Barr Hotel Company in reorganization proceedings in this Court, brought under the provisions of Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207.

The Barr Hotel Company is located in Lima, Ohio. O. O. Barr, in addition to being the active Manager of the concern, is the owner and holder, and controls the majority of shares of the common stock. In addition to the common stock, there was an outstanding issue of $84,850 of bonds, of which The Columbus Mutual Life Insurance Company, of Columbus, Ohio, owned $52,500, face value, and Archibald P. and Marian A. Bradley, of Auburn, New York, held the balance, excepting only $11,000 in bonds, which were held by five other individuals. In addition, The Columbus Mutual Life Insurance Company was a creditor of The Barr Hotel Company by reason of it being the owner of chattel mortgage notes in the aggregate sum of $100,000. There were a few additional creditors.

On or about the 14th day of August, 1935, Mr. Barr visited Attorneys Streicher, Bryce and Jenne in Toledo, Ohio, and, after an extended conference with them, employed them as Attorneys to prepare and file a petition in the Federal Court, under the provisions of Section 77B, for the reorganization of the corporation. This was done. Mr. Barr was appointed Temporary Trustee, and later was appointed and qualified as Permanent Trustee. Messrs. Streicher, Bryce and Jenne continued to represent the Trustee throughout the reorganization proceedings. At the instance and request of Mr. Barr, numerous conferences were held between the Trustee and his Attorneys in Toledo, Columbus and Lima, Ohio. In most of these conferences all three of the Attorneys participated. A plan of reorganization was prepared by the Attorneys, was amended and revised, following conferences in Toledo and Columbus, and finally a plan was agreed upon and adopted by the parties concerned. The

chief matter at issue throughout the discussion of the plan of reorganization appears to have been the question of ultimate control following the adoption of a plan.

On February 12, 1938, the Attorneys filed an itemized statement of fees, in which Mr. Streicher and Mr. Bryce outline a total of 233½ hours of service, at $7.50 per hour, and Mr. Jenne outlines a total of 115½ hours of service, at $5 per hour, making a total of 349 hours, for a sum total of $2,328.75. In addition thereto, Counsel claim the sum of $1,180 for the following reason "to services rendered, considering the size of the estate and the amounts involved, to wit, total assets of the estate were in excess of $300,000.00, equity as shown by debtor's statement dated June 30, 1935, $118,000.00 which was saved to debtor. Fee 1%".

In addition thereto, the Attorneys claim the sum of $1,800.00 for the following reason "to fee for special accomplishments in obtaining a complete release and satisfaction of a chattel mortgage of approximately $101,000.00 for the sum of $10,000.00. Approximate saving to debtor of $90,000.00. Fee 2%".

This makes a grand total of fees claimed in the sum of $5,308.75. On August 19, 1935, the sum of $400 was paid on account, leaving a balance claimed of $4,908.75. Objections to the fees claimed were filed by The Columbus Mutual Life Insurance Company, Archibald P. and Marian A. Bradley, and by O. O. Barr, Trustee.

The Court desires at the outset to eliminate the second item of $1,180 claimed, from consideration. In this item Counsel claim a fee of 1% of $118,000, which they say was the equity shown by the debtor's statement dated June 30, 1935, and which evidently they claim was saved to the debtor because of the reorganization proceedings thereafter had. The Court does not desire at this, or any future time, to base Counsel fees in reorganization proceedings under Section 77B on such a structure. The fact that a financial statement, dated prior to the time when a petition for reorganization was filed in the Federal Court, showed an equity of a certain sum of money is no reason to the Court why a percentage on this claimed equity should be allowed to Attorneys as and for compensation because of the fact that they prepared and filed a petition under Section 77B.

542

The Court desires, as a second step, to eliminate the third item claimed as and for Attorneys' fees, to wit, the sum of $1,800, being 2% of $90,000, which Counsel claim for special accomplishments in obtaining a release of a chattel mortgage of approximately $101,000 for the sum of $10,000. It is assumed, for want of further information in the record, that this was the chattel mortgage held by The Columbus Mutual Life Insurance Company, which the latter Company had purchased in order to protect the debtor. The plan provided for the reduction of this chattel mortgage from $100,000 to $10,000, and this was acceded to by the Insurance Company in order to further protect and make safe its bondholdings. The Court does not believe that Counsel fees should be based on such a transaction as this.

We come now to the itemized statement of Counsel, in which the services and hours of labor performed are itemized from August 14, 1935, to February 2, 1938. Two hundred thirty-three and a half hours of service are claimed to have been performed by Messrs. Streicher and Bryce, and one hundred fifteen and a half hours of service are claimed to have been performed by Mr. Jenne, for a total, as heretofore enumerated, of three hundred forty-nine hours. No fault is found with the hourly rate of $7.50 per hour charged by Messrs. Streicher and Bryce, and the hourly rate of $5 per hour charged by Mr. Jenne. On this basis the 349 hours would call for a total of $2,328.75. Objection is found to the number of hours charged for in certain specific instances. For instance, at the conference held in Columbus, Ohio, on October 24, 1935, which conference was set for 10:30 O'clock A. M., the Attorneys charged for a total of 46½ hours, which, if allowed, would be approving compensation in the sum of $385 for this one day conference in Columbus.

This Court does not see the necessity for the employment of the services of three Attorneys in a reorganization proceeding involving a corporation whose capital structure and outstanding debts are as simplified as they were in this case. However, Mr. Barr, acting for the corporation, voluntarily employed these Attorneys to prepare and file the petition, recommended their appointment by the Court after he had qualified as Trustee, and repeatedly thereafter, while he was serving as Trustee, sought and obtained interviews and conferences with all of these Attorneys. Undoubtedly his concern profited thereby, as did also the creditors, bondholders and other stockholders. Having utilized the services of these three Attorneys, the Court cannot now listen to complaint that the services of so many Attorneys were unnecessary.

In the case of Matter of 211 East Delaware Building Corporation, D.C.Ill., 13 F.Supp. 473, the Court held: If something is due the Attorney from the estate, the amount due should be based on 'services rendered' and not on the basis of hours spent.

The Courts have repeatedly held that the amounts allowed as compensation will be no more than the value of the services rendered toward the consummation of the eventual reorganization in this Court. See Matter of Kentucky Electric Power Co., D. C., 11 F.Supp. 528.

The compensation must be on a moderate and not on a liberal basis. See Matter of Kelly Springfield Tire Co., D.C., 13 F.Supp. 724; also Matter of Davison Chemical Co., D.C., 14 F.Supp. 821.

In the case of In re Middle West Utilities Co., D.C., 17 F.Supp. 359, Par. 23 of the Syllabus reads as follows: "In fixing compensation allowable in corporate reorganization proceeding, court must consider as controlling element reasonable amount of time which would have been required to effect reorganization if that time had been diligently and prudently employed". Par. 24 of the Syllabus reads as follows: "In fixing compensation for services in corporate reorganization proceeding, court must consider relative contributions to success or results of work of various applicants and determine who rendered real service in case, as to which hours of time spent are not controlling, although constituting element to be considered".

The Court believes, in this case, that the hours of time spent are not, and ought not to be controlling, although he does consider that they constitute an important element which must enter into the computation of fair and reasonable compensation for services rendered. The attempt here is to arrive at the true value of the services rendered. The corporation in this case was not a large one. The value of the estate was moderate. The problems involved in the reorganization were not intricate, and the corporate structure

of the concern was a simple one. Reorganization work was necessary, but hardly anything was presented in the way of a difficult legal problem, and it appears that none out of the ordinary existed. See In re Mercantile Arcade Realty Corporation, D.C., 20 F.Supp. 397, at page 399. These Attorneys ought to be compensated fairly and reasonably for their time which the Trustee consumed and doubtless profited from, and the computation of time spent is, therefore, a very necessary element in arriving at a conclusion as to what is reasonable compensation.

. The Court finds that Messrs. Streicher and Bryce fairly and reasonably expended approximately 180 hours of service in the furtherance of the affairs of the Trustee of this concern, and that Mr. Jenne expended 90 hours therein. On the basis of per hour charges which these Attorneys have made, and which the Court considers reasonable, Attorneys' fees in the sum of $1,800 would be owing. From all the circumstances in the case, the sum of $1,800 is considered to be fair and reasonable compensation for the services rendered. Four hundred dollars having heretofore been paid, the sum of $1,400 is found to be due and owing to the Attorneys.