## In re STANDARD GAS & ELECTRIC CO.
### Appeal of CHADBOURNE.
#### No. 7088.

Circuit Court of Appeals, Third Circuit.

Aug. 9, 1939.

Wm. M. Chadbourne, of New York City, in pro per. (William M. Chadbourne, Clinton De Witt Van Siclen, and John Holbrook, all of New York City, of counsel), for appellant.

Seibert & Riggs, of New York City (H. Preston Coursen, of New York City, of counsel), for appellee.

Before MARIS, CLARK, and BIDDLE, Circuit Judges.

MARIS, Circuit Judge.

This appeal is by the counsel for a committee of stockholders of a corporation reorganized under Sec. 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, from the allowance of compensation made to him by the court below for his services in the reorganization proceeding.

The allowance of compensation, if any, to be made to committees of creditors and stockholders and their counsel for services rendered in reorganization proceedings under Sec. 77B of the Bankruptcy Act is committed by the act to the sound discretion of the district court. The district judge is given a wide latitude to determine whether services for which compensation is claimed were actually performed in connection with the proceeding and the plan and did actually benefit the debtor and its securityholders generally. The factors to be considered have been recently pointed out by us. See Steere v. Baldwin Locomotive Works, 3 Cir., 98 F. 2d 889; Newman v. Ambassador Apartments, 3 Cir., 101 F.2d 307.

Upon appeal from an allowance under the statute the only question before us is whether the district court abused its discretion in making the allowance to the extent that it can be said that it ignored the factors which it should have considered and reached a result in manifest disregard of right and reason. In re National Department Stores, Inc., 3 Cir., 93 F.2d 123; Newman v. Ambassador Apartments, supra.

In the present case allowances of compensation aggregating $1,372,236.47 were requested by those concerned in the proceeding. After full hearings the district judge in an exhaustive opinion considered each claim and allowed a total of $447,946.61. D.C., 26 F.Supp. 636. The appellant, who was counsel for one of two committees representing the $4 cumulative preferred stock of the debtor corporation, requested compensation of $50,000 and was allowed $7,500. He urges that this amount is grossly inadequate.

The services rendered by the appellant are sufficiently described in the opinion of the district judge (26 F.Supp. 636, 659), and it would serve no useful purpose to recite them here. Suffice it to say that a careful examination of the record has failed to convince us that the district judge was guilty of an abuse of discretion in fixing the appellant's compensation. It is clear that much of his work duplicated that of others and was, therefore, not properly compensable out of the debtor's estate. This, of course, is not to say that these services were not properly rendered to his clients, but merely that they should be paid for by those clients alone.

We can understand the appellant's disappointment at the action of the court below. It must be remembered, however, that a securityholders' committee and its counsel in a corporate reorganization proceeding act in a quasi-public capacity. They look for compensation to the debtor's estate, which may belong, in equity, large-

ly to others than those who have requested their services. Under these circumstances they cannot expect to be compensated at the rate which similar services would command in purely private employment. "One of the controlling reasons for the enactment of section 77B was the desire to reduce the cost of reorganization." Callaghan v. Reconstruction Finance Corp., 297 U.S. 464, 469, 56 S.Ct. 519, 521, 80 L.Ed. 804.

The order of the court below is affirmed.