MILBANK, TWEED & HOPE v. McCUE et al. and six other cases.

Nos. 4549–4557, 4560, 4585.

Circuit Court of Appeals, Fourth Circuit.

April 10, 1940.

William D. Gaillard, Jr., of New York City (Milbank, Tweed & Hope and Arthur A. Gammell, all of New York City, on the brief),· for appellants Milbank, Tweed & Hope and others.

Arthur S. Dayton, and J. E. Campbell, both of Charleston, W. Va., for appellees.

Nathan A. Smyth, of New York City, for appellants Smyth, Larner and others.

Arthur M. Boal, of New York City (Tompkins, Boal & Tompkins, of New York City, and R. E. O'Connor and A. G. Thompson, both of Charleston, W. Va., on the brief), for appellants Jamieson and others.

A. C. Hindman, of New York City, pro se.

George Pfeil, of New York City, for appellants Blair and others.

Robert H. McNeill, of Washington, D. C. (R. Dennis Steed, of Charleston, W. Va., and Holmes, Rogers & Carpenter, of New York City, on the brief), for appellant Independent Bondholders' Committee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

The appeals in these cases are taken from an order of the District Court which was passed in a proceeding under § 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, for the reorganization of the Hamilton Gas Company, and related to applications for allowances for fees and expenses by various parties to the proceeding and their attorneys. Assets valued at $1,600,000 were turned over to the reorganized corporation, leaving $461,479.80 in cash in the trustees's hands pending ascertainment of the expenses to be paid. The amounts requested aggregate $489,636.10 for compensation and $149,132.22 for expenses; and the amounts granted by the court for reasons set out in an exhaustive opinion, Watters et al. v. Hamilton Gas Co., D.C., 29 F.Supp. 436, aggregated $145,650 for compensation and $47,695.24 for expenses. In this distribution, allowances were made to the first mortgage trustee and its counsel, to the first mortgage bondholders' committees and their counsel, to the debenture holders' and unsecured creditors' committees and their counsel, to the equity receivers who preceded the reorganization proceeding and their counsel, and to special counsel for the trustees of the debtor.

■ Certain appellants contend that the allowances made to them were inadequate, to wit, the New York counsel for the first mortgage trustees, case No. 4549; W. Angamar Larner as Delaware receiver, case No. 4551; and the Jamieson Committee, which represented a comparatively small number of debenture holders and unsecured creditors and the counsel for the committee, case No. 4552; while other appellants complain that no allowances at all were made to them, to wit: W. Angamar Larner, as president of the debtor, case No. 4551; the Blair Committee, which represented the stockholders, and their counsel, case No. 4557; and the Independent Bondholders' Committee, which represented a small number of bondholders

and their counsel, case No. 4560. As to all of these, it is our opinion that the order of the District Court should be affirmed. Allowances in matters of this kind are within the discretion of the District Judge who alone has complete familiarity with the character and extent of the services rendered and the expenses incurred, and his judgment should not be disturbed in the absence of a clear showing that there has been abuse of discretion or an erroneous application of the law. In re Tower Bldg. Corp., 7 Cir., 88 F.2d 347; Teasdale v. Sefton Nat. Fibre Can Co., 8 Cir., 85 F.2d 379, 107 A.L.R. 531; West v. Fradenburg, 8 Cir., 86 F.2d 318; Sullivan & Cromwell v. Colorado Fuel & Iron Co., 10 Cir., 96 F.2d 219; In re Standard Gas & Electric Co., 3 Cir., 106 F.2d 215.

■■ Mere participation in a reorganization proceeding does not create a right to compensation. The spirit of the Bankruptcy Act requires economy of administration and forbids the duplication of compensation for the same services rendered by different parties; and when conflicting claims are advanced, the decision of the District Judge must stand unless it is clearly erroneous. Callaghan v. Reconstruction Finance Corp., 297 U.S. 464, 468, 56 S.Ct. 519, 80 L.Ed. 804; In re Davison Chemical Co., D.C., 14 F.Supp. 821, 825; In re 211 East Delaware Pl. Bldg. Corp., D.C., 13 F.Supp. 473; Schnader v. Reading Hotel Corp., 3 Cir., 105 F.2d 572; In re Standard Gas & Elec. Co., 3 Cir., 106 F.2d 215; In re National Lock Co., 7 Cir., 82 F.2d 600; In re Consolidated Motor Parts, 2 Cir., 85 F.2d 579; In re Nine North Church St., Inc., 2 Cir., 89 F.2d 13; Straus v. Baker Co., 5 Cir., 87 F.2d 401.

The remaining case No. 4550 relates to the claim of attorneys for the debtor for services rendered in a controversy which arose as to the jurisdiction of the District Court in the reorganization proceeding, and for services rendered in the formation of the plan of reorganization. This proceeding was one of the first to be brought in the federal courts after the enactment of § 77B of the Bankruptcy Act. The Act was approved by the President on June 7, 1934. On the same day, a creditors' petition was filed in the Southern District of West Virginia, and on the following day, a petition was filed by the debtor corporation in the Southern District of New York. This conflict led to litigation which involved two

hearings in the Southern District of West Virginia and two appeals to this court, and also a hearing in the Southern District of New York and an appeal to the Circuit Court of Appeals of the Second Circuit. See the opinions in Hamilton Gas Co. v. Watters, 4 Cir., 75 F.2d 176; Watters v. Hamilton Gas Co., D.C., 10 F.Supp. 323; In re Hamilton Gas Co., 2 Cir., 79 F.2d 97; Hamilton Gas Co. v. Watters, 4 Cir., 79 F.2d 438. It was finally adjudged that the jurisdiction lay in West Virginia by the decision of this court in the last mentioned case on October 8, 1935; but in the meantime, it had been held by this court that the Southern District of New York was entitled to priority provided it should be found that the debtor had had its principal place of business in that District for six months preceding the filing of the petition, and such a finding was made by the District Court therein in an order subsequently reversed by the Circuit Court of Appeals of the Second Circuit.

■ The court below held that although the debtor's effort to establish the jurisdiction in New York may have been made in good faith, the controversy did not contribute in any way to the formation of the plan of reorganization, but, on the contrary, delayed the consummation for more than a year, and therefore no fee should be paid to the debtor's attorneys. This ruling, we think, was in error. The Act confers the privilege of filing a petition for reorganization not only upon the creditors of a corporation, but also upon the debtor itself, 11 U.S.C.A. § 207, sub. a; and in this case the debtor, promptly upon the passage of the Act, filed a petition in New York where it maintained an office from which the president of the corporation directed its business operations. While, as stated by the court below, this controversy was of no benefit to the estate, we cannot say that it was groundless or lacking in good faith; and in view of the confusion then prevailing as to the law, we think that the services so rendered should be considered in fixing the compensation of counsel for the debtor.

■ In addition, counsel for the debtor, as permitted by the statute, assisted, by constructive criticism and otherwise, in the formation of the plan ultimately adopted. § 77B, sub. c(11) provides that the debtor shall have the right to be heard on all questions; and § 77B, sub. c(9) provides that the judge may allow a reasonable compensation for services and expenses incurred in connection with the proceeding and the plan, by officers, parties in interest, depositaries, reorganization managers and committees, or other representatives of creditors or stockholders, and the attorneys or agents of any of the foregoing and of the debtor.[1] Ordinarily the court should have the advice and assistance of counsel for the corporation to be reorganized for they are in possession of information not readily accessible to others. While the value and extent of their services must of course be determined by the District Judge in the exercise of a sound discretion, they should not go unrewarded altogether merely because other counsel have played the leading part in the process of reorganization. In the case at bar, counsel for the debtor performed the services to be expected, and in collaboration with other counsel suggested changes which were of value in the adoption of the plan finally agreed upon. Under all of the circumstances, we are of opinion that counsel for the debtor should be allowed the sum of $3500 for services in connection with the matters above described. They should also be compensated for so much of their expenses as were properly incurred in the course of the employment. They claim an outlay of $2969.97. The District Judge, under his view of the case, made no finding on this point, and as we are unable to determine it with certainty from the record before us, the case will be remanded in order that it may be passed upon below.

In cases Nos. 4549, 4551, 4552, 4557 and 4560, the order of the District Court will be affirmed. In case No. 4550 the order of the District Court will be reversed and the case remanded for the entry of an order making the allowance indicated to the attorneys for the debtor.

■ The appeal in case No. 4585, which was filed in the District Court with regard to all of the above numbered cases on the assumption that an appeal was a matter of right, will be dismissed, as it is settled that such an appeal can be taken only with the assent of the appellate court. See Dickinson Industrial Site, Inc., v. Percy Cowan et al., 60 S.Ct. 595, 84 L.Ed. ——, decided by the Supreme Court on March 11, 1940.

---

[1] Corresponding provisions in the Chandler Act are found in 11 U.S.C.A. §§ 641, 642 and 647.