In re SEVILLE COURT APARTMENTS BUILDING CORPORATION.

No. 8213.

Circuit Court of Appeals, Seventh Circuit.

Feb. 23, 1943.

J. Kentner Elliott, of Chicago, Ill., pro se.

Walter E. Wiles, of Chicago, Ill., for respondent.

Before EVANS, SPARKS, MAJOR, KERNER, and MINTON, Circuit Judges.

PER CURIAM.

Petitioner asks leave of this court to appeal from an order of the District Court entered December 30, 1942, directing the clerk of that court to pay certain claims for fees and expenses in a debtor proceeding. Petitioner complains of that part of the order directing payment to him of $1,000 in full of his claims as attorney for certain bondholders elsewhere shown to hold $45,000 par value of a total of $178,000 of the bonds of the debtor.

The trustee under the trust agreement securing the bond issue, opposes allowance of the appeal on two grounds:

1. The order from which the appeal is sought is not one allowing fees.

2. The petition does not show prima facie abuse of discretion by the trial court.

The order of December 31 recites: "This cause coming on to be heard on application * * * for the allowance of * * * fees and expenses to be charged as costs of administration, and certain objections filed thereto, and the Court having issued a written memorandum on December 23, 1942, allowing certain claims for fees and disallowing others, and all parties in interest having been served with copies of said memorandum * * *." It would appear from this recital that the memorandum of December 23 did actually

include an order of allowance, and if so, we think the objection is well taken, that petitioner seeks appeal from the wrong order, since his complaint must be directed against the order *allowing* his claim in a reduced amount, rather than against the one *directing the clerk to pay* that reduced amount.

However, even if we are in error as to this point (and the petition and reply are not clear as to it), we are convinced that the appeal should be denied on the ground that the petition does not set up such facts as clearly indicate an abuse of discretion on the part of the District Court. Petitioner filed his claim for $3,200 for services which he stated entailed the expenditure of 193 hours of his own time, in addition to 18 hours of assistants' time for which he said he asked no compensation, and he asserts that the $1,000 directed paid compensates him for those services at the rate of only $4.70 per hour. He also asserts that there was sufficient cash on hand to cover larger allowances, hence the amounts allowed were not based on the debtor's inability to pay adequate compensation.

The statute provides that the judge may allow reasonable compensation for services rendered in connection with the administration of the debtor estate. Certainly the judge before whom the proceeding is had is in the best position to determine what constitutes reasonable compensation, basing such determination upon his knowledge of the benefits derived by the estate from the services, whether or not they duplicate those rendered by other counsel, the extent to which they were actually necessary, the labor and trouble expended, and such factors.

As has often been stated, the decision of the District Court regarding fees is the matter of discretion not to be disturbed unless that discretion is clearly abused. "Allowance or disallowance involves an exercise of sound discretion by the court. * * * Unlike appeals from other orders, appeals from compensation orders therefore normally involve only one question of law—abuse of discretion." Dickinson Industrial Site, Inc., v. Cowan, 309 U.S. 382, 60 S.Ct. 595, 599, 84 L.Ed. 819. Under § 250 of the Chandler Act, appeals from orders relating to fees are not allowable as a matter of right, but only by leave of the appellate court. 11 U.S.C.A. § 650; Dickinson v. Cowan, supra. That

being the case, we think such appeals should be allowed by the appellate court only where it is clear from the petition that the District Court has based its order on an erroneous conception of the law, or that it has clearly abused its discretion in making the allowance. See In re Albert Dickinson Co., 7 Cir., 104 F.2d 771 for the elements to be considered as to this question. See, also, In re Prudence Bond Corp., 2 Cir., 122 F.2d 258; Milbank, Tweed & Hope v. McCue, 111 F.2d 100; In re Standard Gas & Electric Co., D.C., 106 F.2d 215. The facts here shown by the petition and reply indicate no such abuse of discretion as to warrant review by this court.

Petition denied.