In re 32–36 NORTH STATE ST. BLDG. CORPORATION.

STATE–WASHINGTON STORES CO. et al. v. BLESIUS et al.

No. 9381.

Circuit Court of Appeals, Seventh Circuit.

Nov. 4, 1947.

Rehearing Denied Dec. 3, 1947.

Willard L. King, of Chicago, Ill. (Rosenthal, Eldridge, King & Robin, of Chicago, Ill., of counsel), for appellants.

Roger S. Foster and W. Victor Rodin, both of Philadelphia, Pa., Thomas B. Hart, Regional Administrator, G. Gale Roberson Leo J. Powers, Henry L. Phoenix and Ross Langdon, all of Chicago, Ill., for appellees.

Before MAJOR, KERNER, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

This appeal grows out of the allowance of fees to various parties in interest in the reorganization proceedings of a building corporation, 32–36 North State Street Building Corporation, Debtor. Appellant State-Washington Stores Company was lessee of the debtor at the time reorganization proceedings were instituted. Appellants Charles J. Canfield and George W. Swigart own substantially all of the stock in that corporation. In the course of the proceedings, after approval of the plan of reorganization, the court allowed fees to the trustee and to counsel for various parties in interest aggregating $30,207.20. It denied appellants' claim for $15,843.75 for fees and expenses of their counsel. Appellants now contend that the allowances were excessive and that the denial of their claim was erroneous, under the facts of the case.

At the outset it is well to remember that allowance or denial of fees in a reorganization proceedings is a matter within the broad discretion of the bankruptcy court; that the appellate court does not try de novo the issue of reasonable compensation and that the judgment of the trial court will not be disturbed on appeal unless it clearly appears that there is no basis in the evidence for the conclusion reached or that the court proceeded upon an erroneous conception of the law. In other words, the appellate court is powerless in such cases to substitute its judgment for that of the trial tribunal unless there appears an abuse of discretion amounting to manifest disregard of right and reason. In re Seville Court Apartments Building Corporation, 7 Cir., 134 F.2d 232; In re Tower Building Corporation, 7 Cir., 88 F.2d 347; Stein v. Hemker, 8 Cir., 157 F.2d 740; Millbank, Tweed & Hope v. McCue, 4 Cir., 111 F.2d 100; Sullivan & Cromwell v. Colorado Fuel & Iron Company, 10 Cir., 96 F.2d 219; In re Standard Gas & Electric Company, 3 Cir., 106 F.2d 215.

Bearing this rule in mind, we think there is no possible ground upon which we could justify a conclusion upon our part that the bankruptcy court abused its discretion. The Master in his report, approved by the court, found that each claimant to whom an allowance was made had contributed to the welfare of the proceedings and the successful termination of the reorganization. The record reflects careful consideration of the amount involved, the time spent, the character of the services rendered and their value to the estate. The Master eliminated one claim for $2,500, cut one down from $6,000 to $2,250, another from $4,356 to $1,500, another from $6,000 to $4,500 and that of the trustee from $12,000 to $10,000. He obviously considered all factors which entered into the administration of the estate, the adoption and perfection of the plan of reorganization, the problems involved, the nature and extent of the services rendered and the results accomplished. Without discussing the evidence in detail we think it is sufficient to say that in the presence of substantial ev-

idence and full consideration, we are not justified in concluding that the district court abused its discretion in making the allowances.

There remains to be considered the denial of compensation to appellants' counsel. They represented the State-Washington Stores Company and its two stockholders. State-Washington was lessee of the building corporation and indebted to it in the sum of $893,000. Throughout the proceedings counsel continued to represent these parties; their primary duty was to those clients. One of the firm testified that the interest of his "client was that its property was threatened to be taken away from it by the action of the trustee * * * in asking that the receivership and the trusteeship be extended to the property of the State-Washington Stores Company." In other words, the Store Company was a substantial debtor to the company being reorganized, not a creditor. Obviously counsel's primary duty was to protect their clients and to realize for them such benefit as they might be able to obtain through that representation. It is not denied that appellants' interest was originally wholly and completely adverse to that of the debtor, but it is claimed that, as the reorganization proceeded, "a large degree of the adversity was taken out of the position of the State-Washington Stores Company." However, counsel admit also that "a great many adverse controversies thereafter arose in putting that agreement into effect." From an examination of the claim it appears that the greater part of the services were rendered at a time when it is admitted that the interests of appellants were completely adverse to those of the debtor. The remainder of the services were rendered at a time when a portion of such adversity, at least, had been removed, according to appellants' theory, but it is still obvious, from the record and counsel's admission, that there was an element of adversity constantly throughout the case.

The trustee filed a petition against the Stores Company for a turnover order. Appellants resisted this vigorously. This was in line with counsel's conception of proper protection of their clients' rights. Finally a compromise between the bondholders, the debtor and appellants was tentatively negotiated, whereby one of appellants was to receive a management contract and an option to purchase the assets of the debtor by paying off bondholders in full. There was sharp controversy between the parties as to the time for which the option should run and as to various other matters involved. Similar controversy arose as to the terms of the management contract. Counsel, in accord with their duty to appellants, were insisting upon such provisions as they thought their clients should have in order to protect the latter's rights. This thought was expressed by counsel, during the progress of the reorganization, in these words, "if the plan can be modified * * * that should be done. Otherwise we seem to be at the same stalemate that we were in when we originally started with this case. We face a long prospect of litigation before us. If you enter an order compelling my clients to give bond, I would appeal." The testimony is clear that throughout these controversies counsel's services were intended to be and were in fact directly beneficial to their clients for whom they obtained tangible valuable results.

We think it obvious from examination of all the evidence that the court was completely justified in finding that all of the services rendered by counsel for appellants were primarily for their clients and that any benefit resulting to the estate was incidental, remote and secondary, and that at all times counsel's principal concern was the protection of their clients' individual interests and designed to prevent any action by the court which appellants thought would interefere or inequitably react upon their rights. In such situation we think we may not interfere with the disallowance of the claim, disposition of which, as we have seen, was within the sound discretion of the court. This is in line with various decisions. In re A. Herz, Inc., 7 Cir., 81 F. 2d 511; Greensfelder v. St. Louis Public Service Co., 8 Cir., 114 F.2d 53; Teasdale v. Sefton National Fibre Can Co., 8 Cir., 85 F.2d 379, 107 A.L.R. 531; London v. Snyder, 8 Cir., 163 F.2d 621; Warren v. Palmer, 2 Cir., 132 F.2d 665.

Appellants insist that the reference to a Master removed this case from the

208

category of those in which the trial court's judgment must be affirmed unless clearly erroneous, as provided by Rule 52(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. But by Rule 53 (e), masters' reports and by General Order in Bankruptcy 47, 11 U.S.C.A. following section 53, 305 U.S. 702, referees' and special masters' reports in bankruptcy, are to be considered in the same light.

The order is affirmed.

For prior opinion see 161 F.2d 956.

Charles W. Rivise and Abraham D. Caesar, both of Philadelphia, Pa. (Robert S. Marx and Nichols, Wood, Marx & Ginter, all of Cincinnati, Ohio, Caesar & Rivise, C. W. Rivise, and A. D. Caesar, all of Philadelphia, Pa., and Alan N. Brown, of Detroit, Mich., on the brief), for appellant.

Bernard A. Schroeder, of Chicago, Ill. (Bernard A. Schroeder, Charles J. Merriam, and Chritton, Schroeder, Merriam & Hofgren, all of Chicago, Ill., Calvin A. Campbell and Donald L. Conner, both of Midland, Mich., and Harness, Dickey & Pierce, of Detroit, Mich., on the brief), for appellee.

Before HICKS, SIMONS and MILLER, Circuit Judges.