which reasonable men might well draw different conclusions. The court correctly charged the jury on the law. There was enough evidence before the jury to support the verdict. The record presents no reversible error.

Affirmed.

## RUST et al. v. BOYER.
### No. 8946.

Circuit Court of Appeals, Fifth Circuit.

Feb. 3, 1939.

St. Clair Adams, Jr., of New Orleans, La., for appellants.

H. W. Robinson, of New Orleans, La., for appellee.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

FOSTER, Circuit Judge.

Appellee recovered a verdict awarding damages for personal injuries resulting from a collision between an automobile she was driving and another car being operated by appellant. The only error pressed as a ground for reversal of the judgment is the refusal of the District Court to direct a verdict for defendant. The motion to direct was based on the contention that appellee, plaintiff below, was guilty of contributory negligence which barred recovery under the law of Louisiana. It may be conceded that the law is as contended by appellant. However, on this point the case was submitted to the jury on evidence from

## NEWMAN et al. v. AMBASSADOR APARTMENTS, Inc.
### No. 6859.

Circuit Court of Appeals, Third Circuit.

Nov. 10, 1938.

Rehearing Denied Jan. 27, 1939.

Morgan S. Kaufman, of Scranton, Pa., and Walter M. Newman and Harry W. Kamin, both of Pittsburgh, Pa., for appellants.

A. Leo Weil and Weil, Christy & Weil, all of Pittsburgh, Pa., for appellee.

Before DAVIS, MARIS and BUFFINGTON, Circuit Judges.

MARIS, Circuit Judge.

Counsel for a committee of creditors in a proceeding for the reorganization of a debtor corporation under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, have appealed from the allowance made to them by the District Court for the Western District of Pennsylvania of compensation for their services rendered in connection with the proceeding. The compensation requested by the appellants was $15,000 and this amount was reduced by the court below to $2,000. In so reducing the compensation they requested the appellants contend that the court below abused its discretion.

Section 77B(c), 11 U.S.C.A. § 207(c), provides that "the judge, in addition to the jurisdiction and powers elsewhere in this section conferred upon him, * * *

(9) may allow a reasonable compensation for the services rendered * * * in connection with the proceeding and the plan by officers, parties in interest, depositaries, reorganization managers and committees or other representatives of creditors or stockholders, and the attorneys or agents of any of the foregoing and of the debtor, but appeals from orders fixing such allowances may be taken to the Circuit Court of Appeals independently of other appeals in the proceeding and shall be heard summarily."

These provisions of the statute obviously confer upon the District Court in making allowances for compensation in corporate reorganization proceedings a wide discretion. As we have recently pointed out this discretion is to be exercised in the light of the extent of the services contributed, the experience and skill required and exercised, the benefit resulting therefrom to the debtor and its securityholders, the size of the debtor and the consequent responsibility undertaken, and the ability of the debtor to pay. Steere v. Baldwin Locomotive Works, 3 Cir., 98 F.2d 889. Upon appeal this court may not consider the allowances de novo or substitute our discretionary judgment as to their amount for that of the District Court. We are confined to the determination of a single question, whether the District Court abused its discretion in making the allowances appealed from to the extent that it can be said that it completely ignored the factors which it should have considered and reached a result in manifest disregard of right and reason. Teasdale v. Sefton Nat. Fibre Can Co., 8 Cir., 85 F.2d 379, 107 A.L.R. 531; In re National Department Stores, Inc., 3 Cir., 93 F.2d 123.

In the light of these principles we have carefully examined the record of this proceeding and have reached the conclusion that the judge of the court below, who had supervised this proceeding from the beginning and was thoroughly familiar with the services rendered by the appellants, did not abuse his discretion in making them the allowances complained of. Conceiving that no useful purpose will be served by reciting the history of the proceeding or attempting to describe the services claimed to have been rendered by the appellants or the comments with regard thereto made by the appellees, we limit ourselves to stat-

ing our conclusion, which is that the order of the court below must be

Affirmed.