In re REYNOLDS INVESTING CO., Inc.

No. 7965.

Circuit Court of Appeals, Third Circuit.

Argued April 20, 1942.

Decided Aug. 3, 1942.

Thomas R. Wickersham, of Harrisburg, Pa. (Wickersham & Wickersham, of Harrisburg, Pa., on the brief), for appellants.

James D. Carpenter, Jr., of Jersey City, N. J. (John Gerdes, of New York City, on the brief), for appellee.

George Zolotar, of New York City (Chester T. Lane, General Counsel, Securities and Exchange Commission, of Washington, D. C., and Morton E. Yohalem and Arthur Richenthal, both of New York City, on the brief), for Securities and Exchange Commission.

Before BIGGS, JONES, and GOODRICH, Circuit Judges.

BIGGS, Circuit Judge.

The case at bar is an appeal by Messrs. Wickersham and Wickersham, attorneys-at-law of Harrisburg, Pennsylvania, from an order. of the court below dismissing their application for allowance of compensation and reimbursement of expenses in connection with the reorganization of Reynolds Investing Company, Inc. The District Court found that the services of the petitioners were of benefit to the estate of the debtor but held that Section 249 of Chapter X of the Bankruptcy Act as

amended, 11 U.S.C.A. § 649,[1] prohibited payment of compensation to the firm and reimbursement of its expenses. The appeal followed.

The pertinent facts may be stated very briefly. The proceedings were commenced on May 18, 1938. The plan of reorganization was consummated on November 18, 1940. One of the appellants, Mr. Thomas R. Wickersham, was a member of a committee known as the Dochez Preferred Stockholders Committee from the time of its organization in May 1938 until September 11, 1940. Mr. Wickersham resigned from the committee upon this date. The Dochez Committee was represented by Messrs. Kellogg, Emory & Innes-Brown, of the New York bar. While Mr. Wickersham was a member of the Dochez Committee, his firm represented several individual debenture holders and stockholders of the debtor. These representations continued throughout the proceedings. On October 14, 1940 the firm was retained by new clients, the Langmuir Committee, which had been formed for the benefit of the holders of the Twenty Year 5% debentures issued by the debtor. Mr. Thomas R. Wickersham filed exceptions on behalf of the Langmuir Committee to the report of the special master on allowances and appeared in the District Court in support of these exceptions on behalf both of the individual clients which Messrs. Wickersham and Wickersham represented and of the Langmuir Committee. The firm seeks compensation in these proceedings, however, only for the services rendered to the Langmuir Committee.

Mr. Thomas R. Wickersham owned ten shares of the preferred stock of the debtor which he sold on February 20, 1940. He also owned two bonds of the debtor which he sold on May 13, 1940. These securities were sold at a loss. The sales took place while he was a member of the Dochez Committee and while he represented individual bondholders and stockholders. The sales were made before he or his firm represented the Langmuir Committee.

The record demonstrates to us, as it did to the special master and to the learned District Judge, that Mr. Wickersham's services were of substantial value to the estate of the debtor. We are concerned only with the question of whether or not he or his firm may be compensated out of the debtor's estate for the work done as attorneys for the Langmuir Committee.

The point of law is a narrow one and we think that the language of Section 249 is so clear that the contemporaneous legislative history of the section need not be inquired into. Mr. Wickersham owned and sold stock and bonds of the debtor during the course of the proceedings without the prior consent or subsequent approval of the judge who presided at the proceedings. It is true that he did not act in a representative capacity as attorney for the Langmuir Committee until after he had sold his stock and bonds. He contends that the second sentence of Section 249 by its use of the phrase "in such capacity" serves to limit the effect of the statute so that if one who has acted in a representative capacity has sold his securities during the course of it, he may avoid the prohibition of the section and be compensated by representing a new client in another phase of the proceeding. We think that the meaning of the section must be obtained from an examination of it as a whole. We conclude that if at any time "after the commencement of such proceeding" an individual has purchased or sold claims against or stock of the debtor while acting in a representative capacity in the proceeding he may not receive compensation. This is a literal interpretation of the statute. If the conclusion were otherwise, a fertile field of fraud would be opened. By the mere expedient of a change of client or of cestui que trust in the proceeding an attorney or trustee could receive compensation otherwise prohibited to him.

---

[1] Section 249 is as follows: "Any persons seeking compensation for services rendered or reimbursement for costs and expenses incurred in a proceeding under this chapter shall file with the court a statement under oath showing the claims against, or stock of, the debtor, if any, in which a beneficial interest, direct or indirect, has been acquired or transferred by him or for his account, after the commencement of such proceeding. No compensation or reimbursement shall be allowed to any committee or attorney, or other person acting in the proceedings in a representative or fiduciary capacity, who at any time after assuming to act in such capacity has purchased or sold such claims or stock, or by whom or for whose account such claims or stock have, without the prior consent or subsequent approval of the judge, been otherwise acquired or transferred."

No case has been cited to us nor can we find any which deals precisely with the point under consideration. All of the authorities, however, indicate the desirability of a strict interpretation of Section 249. See In re Mountain States Power Co., 3 Cir., 118 F.2d 405; Otis & Co. v. Insurance Building Corp., 1 Cir., 110 F.2d 333.

In conclusion we wish to state that no one suggests that the appellants were guilty of fraudulent conduct in the case at bar or harboured any intention to avoid the consequences of the statute by subterfuge. It is necessary for the public interest, however, to construe the statute strictly.

The order of the court below is affirmed.