In re ULEN & CO.

WALKER & AUSTIN et al. v. TYLER et al.

No. 339.

Circuit Court of Appeals, Second Circuit.

Aug. 3, 1942.

Van Vorst, Siegel & Smith, of New York City (Edgar E. Harrison and Lewis A. Spence, both of New York City, of counsel), for Victor M. Tyler, trustee-appellee.

William C. Scott, of New York City, for appellants Satterlee & Warfield.

Leo Brady, appellant, pro se.

Thomas G. Prioleau, of New York City, for appellants Walker & Austin.

George Zolotar, of New York City (Chester T. Lane, Gen. Counsel, of Philadelphia, Pa., and Frederick T. Finnigan and Earl J. Wofsey, both of New York City, of counsel), for Securities and Exchange Commission.

Before SWAN, CHASE, and FRANK, Circuit Judges.

CHASE, Circuit Judge.

On February 16, 1940, Ulen & Company, the debtor, filed its petition for an arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq. Appellants Walker & Austin and Satterlee & Warfield were counsel for two of the largest holders of the debtor's Convertible 6% Debentures, and appellant Brady represented an unofficial committee of holders aggregating about 13% of the outstanding debentures. After first opposing the arrangement, the debenture holders and their attorneys cooperated in negotiations · to effect an arrangement and in efforts to conserve the debtor's assets. As we see from the time sheets submitted, extensive work was done and arguments were held upon the proposed plan, but before any arrangement could be consummated the Supreme Court handed down its decision in Securities and Exchange Commission v. United States Realty & Improvement Co., 310 U.S. 434, 60 S.Ct. 1044, 84 L.Ed. 1293, disapproving the use of Chapter XI proceedings when a public interest is affected. Accordingly on June 14, 1940, the Chapter XI proceeding was dismissed and the same day a proceeding for reorganization of the debtor was commenced pursuant to the provisions of Chapter X, 11 U.S.C.A. § 501 et seq. The appellants rendered certain services thereafter for which compensation has been allowed, and no additional compensation for these services is requested. Rather the appeals are from the refusal of the District Court to allow compensation for the services rendered and reimbursement for the costs expended by appellants during the Chapter XI proceeding and before the commencement of the reorganization proceeding. The Securities and Exchange Commission has appeared as a party pursuant to § 208 of Chapter X, 11 U.S.C.A. 608, and has filed a brief opposing the allowances sought.

At the outset any claim for compensation under Chapter XI is foreclosed by § 337(2) of that Chapter as interpreted in

our decision in Lane v. Haytian Corp. of America, 2 Cir., 117 F.2d 216, 219, certiorari denied 313 U.S. 580, 61 S.Ct. 1101, 85 L. Ed. 1537. It was there said with regard to the provisions for compensation of attorneys for the committee of creditors, "These references are to a single committee. It is well settled that the bankruptcy court lacks power to grant, and the policy of the Act is against, compensation not expressly provided for by the Act." Thus the appellants cannot have hoped to have received their compensation from the debtor's estate under the Chapter XI proceeding.

The only question remaining is whether the shift into a Chapter X proceeding with its more liberal compensation provisions now entitles appellants to ·compensation from the estate for the same services which were formerly not so subject to payment. Appellants argue that they are entitled to such payment because §§ 242 and 243 of Chapter X are not limited to services and expenses accruing after the date of the reorganization proceeding. In support of this position they cite cases so construing § 77B, sub. c (9), 11 U.S.C.A. § 207, sub. c(9) the section of the Bankruptcy Act before the 1938 revision which corresponds to the two above-mentioned sections of the present Act. That section authorized the judge to "allow a reasonable compensation for the services rendered and reimbursement for the actual and necessary expenses incurred in connection with the · proceeding and the plan by officers, parties in interest, * * * creditors * * *, and the attorneys or agents of any of the foregoing * * *." Those cases under this section which have permitted compensation or reimbursement for services and expenses before the commencement of the 77B proceeding have also been careful to point out that it is for work performed directly in aid of the plan ultimately adopted or closely beneficial to the estate while in the 77B proceeding. General benefits to the estate were not enough. In re Paramount Publix Corp., 2 Cir., 83 F.2d 406; Id., 2 Cir., 83 F.2d 408; Sullivan & Cromwell v. Colorado Fuel & Iron Co., 10 Cir., 96 F.2d 219, 221, 222; In re Memphis Street Ry. Co., 6 Cir., 86 F.2d 891, 894; In re United Cigar Stores Co. of America, D.C., 21 F.Supp. 869, 875.

The relevant parts of §§ 242 and 243 of the revised Bankruptcy Act follow:

"§ 242 [642]. The judge may allow reasonable compensation for services rendered and reimbursement for proper costs and

expenses incurred in connection with the administration of an estate in a proceeding under this chapter or in connection with a plan approved by the judge, whether or not accepted by creditors and stockholders or finally confirmed by the judge—(1) by * * * representatives of creditors * * *; (2) * * *; (3) by the attorneys or agents for any of the foregoing * * *."

"243 [643]. The judge may allow reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred by creditors and stockholders, and the attorneys for any of them, in connection with the submission by them of suggestions for a plan or of proposals in the form of plans, or in connection with objections by them to the confirmation of a plan, or in connection with the administration of the estate. In fixing any such allowances, the judge shall give consideration only to the services which contributed to the plan confirmed or to the refusal of confirmation of a plan, or which were beneficial in the administration of the estate, and to the proper costs and expenses incidental thereto."

It is to be noted that in these sections there is no specific limitation to services rendered after the filing under Chapter X. In this respect these sections are like 77B, sub. c(9), and the cases under that section are therefore of some help here too. The only case we have seen dealing with this problem since the revision is In re Mortgage Guarantee Co., 40 F.Supp. 226, in the District Court for the District of Maryland. The judge there allowed compensation in some instances for work done before the institution of the Chapter X proceeding, but only where the reorganization was directly facilitated by the earlier work.

█ Here the work for which compensation is claimed did not directly contribute to the reorganization. The arrangement proposed differed markedly from the reorganization finally effected. Under the amended arrangement debenture holders were to receive 25% in new debentures, $15–$30 in cash and 100 shares of new "special" stock; by the terms of the reorganization they received cash and 100 shares of common stock in one of two new corporations set up thereunder. Under the arrangement the preferred and common stockholders were to continue, but with their voting powers curtailed and the stated value of their stock reduced; under the re-

organization all former stockholders were completely eliminated. Likewise in most other respects the eventual reorganization bore little or no resemblance to the arrangement proposed. Compensation is also claimed for the work of the attorneys in conserving the debtor's assets. Valuable as this work was, it is not the sort of benefit to the estate contemplated by § 243. All that is meant there is direct benefit to the estate in the reorganization proceedings. Accordingly we agree with the District Court that the compensation and reimbursement sought may not be recovered from the debtor's estate, but must instead be obtained from appellants' clients, if at all.

Order affirmed.