## In re STAR ELECTRIC MOTOR CO.
### No. 6380.

District Court, D. New Jersey.
July 19, 1946.

I. Charles Lifland, of Jersey City, N. J., Hendrickson & Jacobs, and Sydney L. Jacobs, all of Newark, N. J., for Creditors' Committee.

Mortimer J. Davis, Secretary for Creditors' Committee.

Nathan Bilder, of Newark, N. J., for certain creditors.

Augustus C. Studer, Jr., of Newark, N. J., trustee of debtor corporation.

Andrew B. Crummy, of Newark, N. J., for debtor corporation.

MEANEY, District Judge.

Applications having been made for allowances in the matter of the Star Electric Motor Company, debtor, the following determinations have been made by the Court.

On February 18, 1946, the debtor, seeking reorganization in this Court under Chapter X of the Bankruptcy Act, 11 U.S. C.A. § 501 et seq., through its counsel, filed a petition under the provisions of the said Act. An order was entered approving the petition as filed in good faith and the Court appointed Augustus C. Studer, Jr., as trustee. Subsequently, on notice to all parties in interest, this appointment was made permanent.

Thereafter a creditors' committee was recognized by the Court. The committee through its counsel, I. Charles Lifland and Sydney L. Jacobs, applied for the appointment of a co-trustee, to be possessed of technical training, and requested an independent audit of the books and records of the debtor, the expense thereof to be borne by the debtor. After argument, the request for a co-trustee was withdrawn and on the court's intimation that any independent audit would be at the expense of the creditors' committee, this phase of the matter was not pressed. Ensuing events proved that there was no need for the appointment of either a co-trustee or an independent auditor.

On the date of appointment, the trustee took over the management and operation of the debtor company, the assets of which had a conservative valuation of approximately $5,000,000. There was, however, very little working capital. It was necessary for the trustee to borrow, on his certificate, money sufficient to meet the current payroll. Thereafter, in cooperation with the counsel for the debtor, the affairs of the company were carried on by the trustee with such skill and foresight that liquidation was averted and a dismissal of the proceedings effected, although in the course of the administration of the debtor's affairs liquidation seemed inevitable on several occasions.

The Court was in constant touch with the proceedings and is familiar with all of its details.

It was decided by the trustee, counsel for the debtor, and the officers and directors of the debtor, that the plant and adjoining real estate of the debtor should be sold. At the request of the trustee and after full consideration of the situation, the court appointed Ralph G. Schwebmeyer & Company sole agent for the sale of the property. Through the agent an arrangement was made and a deal consummated whereby the Prudential Insurance Company of America bought the real estate for $1,000,000 and leased the entire property to Tung-Sol Lamp Works, Inc., for a period of 25 years, Tung-Sol Lamps Works, Inc., in turn leasing approximately 55% of the total build-

ing space to the debtor company. Through this operation the debtor company was enabled to make application for dismissal of the proceedings. All creditors with claims aggregating nearly $1,400,000 have been paid in full, with interest.

On July 1st, 1946, the proceedings were dismissed, jurisdiction being retained for certain details only.

■ Now comes the question of allowances to be made upon applications submitted to the Court. These applications were as follows:

I. Charles Lifland and Sydney
   L. Jacobs, jointly as counsel
   for the Creditors' Committee $10,000.00
Nathan Bilder, as counsel for
   certain creditors                 $750.00
Mortimer J. Davis, Secretary
   of the Creditors' Committee    $3,500.00
Augustus C. Studer, Jr., Trustee  $50,000.00
Andrew B. Crummy, Counsel
   for the Debtor                 $45,000.00

In determining the amount of allowances, the factors to be considered include "the extent of the services contributed, the experience and skill required and exercised, the benefit resulting therefrom to the debtor and its securityholders, the size of the debtor and the consequent responsibility undertaken, and the ability of the debtor to pay". Newman v. Ambassador Apartments, 3 Cir., 101 F.2d 307, 308: In re Mountain States Power Co., 3 Cir., 118 F.2d 405.

The Court has given no little consideration to the petitions and affidavits of services of all applicants.

■ Insofar as counsel for the creditors' committee and the secretary thereof are concerned, the court can find no justification for granting them any allowances. Section 643 of Title 11 U.S.C.A. requires that the Court, in fixing allowances for attorneys of creditors, "give consideration *only* to the services which contributed to the plan confirmed or to the refusal of confirmation of a plan, or *which were beneficial in the administration of the estate,* and to proper costs and expenses in-

cidental thereto". (Italics mine.) No showing has been made by either counsel for the creditors' committee or its secretary that they have rendered services beneficial in the administration of the estate. Representation by counsel that they advised the creditors to extend credit to the trustee and thus rendered possible the continuance of the business of the debtor company seems to the Court to be remote from any contribution made to the administration of the estate. All creditors have been paid 100% of their claims, with interest. This was accomplished not by anything the counsel or secretary of the creditors' committee did, but rather by the work and skill of the trustee and counsel for the debtor in the administration of the estate. Such compensation as they have merited is due the counsel and secretary of the creditors' committee from the creditors themselves and not from the debtor's estate. Any other conclusion seems to the Court unwarranted and inequitable.

■ Nathan Bilder, as determined by the Court, as counsel for certain creditors, did make a contribution to the administration of the estate and is allowed the sum of $500.

■ The trustee, Augustus C. Studer, Jr., a highly prominent member of the New Jersey Bar, former President of the State Bar Association, and a man of great ability and wide experience, and Andrew B. Crummy, an eminent lawyer of many years standing, possessed of recognized and outstanding qualifications in reorganization proceedings, tax matters and general federal practice, have applied for compensation for what the Court deems to be extraordinarily effective services in this proceeding. The results accomplished, the unusual skill and the extremely productive work done by them in the administration of the debtor's estate, known to the Court, and supported by the petitions filed by them, amply warrant the granting of allowances to them in the sums requested, $50,000 to Augustus C. Studer, Jr., and $45,000 to Andrew B. Crummy.

An order may be entered in accordance with the above findings.